Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
Christopher B. McKinley (SBN 306087)
christopher.mckinley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Plaintiff
FOX FACTORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOX FACTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SRAM, LLC, a Delaware limited liability company; and SANDLEFORD LIMITED TAIWAN BRANCH (IRELAND), a Taiwanese limited liability company, <br><br> Defendants. | CASE NO. 3:16-cv-03716-WHO <br><br> **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff FOX Factory, Inc. ("FOX Factory"), by and through its attorneys, and for its Second Amended Complaint against SRAM, LLC, and SANDLEFORD LIMITED TAIWAN BRANCH (IRELAND) (together referred to as "the SRAM Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This Complaint seeks judgment that the SRAM Defendants have infringed and continue to infringe FOX Factory's U.S. Patent Nos. 8,226,172 ("the '172 patent") and 8,974,009 ("the '009 patent"). Both the '172 patent and the '009 patent are titled "METHODS AND APPARATUS FOR RELEASABLY SUPPORTING A VEHICLE WHEEL ASSEMBLY." A true and accurate copy of the '172 patent is attached hereto as Exhibit A and a true and accurate copy of the '009 patent is attached hereto as Exhibit B.

## THE PARTIES

2. Plaintiff FOX Factory is a corporation organized and existing under the laws of California, and has its principle place of business at 915 Disc Drive, Scotts Valley, California 95066.

3. On information and belief, Defendant SRAM is a limited liability company organized and existing under the laws of Delaware and has its principal place of business at 1000 West Fulton Street, Chicago, Illinois 60607. On its website, SRAM, LLC refers to itself and its offices in Chicago as the "World Headquarters" for SRAM.

4. On information and belief, Defendant Sandleford Limited Taiwan Branch (Ireland) is a limited liability company organized and existing under the laws of Taiwan and has its principal place of business at 1598-8, Chung Shan Rd., Taichung City, 42955 Taiwan R.O.C. On its website, SRAM refers to its offices and operations at that location as its "Asian Headquarters." Sandleford Limited Taiwan Branch (Ireland) is a wholly owned subsidiary of Sandleford Limited, which is a wholly owned subsidiary of Defendant SRAM, LLC.

## JURISDICTION

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

6. A substantial part of the events giving rise to FOX Factory's claims occurred in California and in this judicial district. The SRAM Defendants' infringement of the '172 and '009 patents have caused foreseeable harm and injury to FOX Factory, a California Corporation headquartered in this district.

7. This Court has personal jurisdiction over SRAM, LLC by virtue of, *inter alia*, its systematic and continuous contacts with California and because SRAM infringes the '172 and '009 patents in California and in this judicial district. On information and belief, directly and/or through customers, dealers, intermediaries, and agents, Defendant SRAM, LLC offers for sale, sells, and distributes bicycle components and accessories in California and in this judicial district, including the products accused of infringement herein.

8. On information and belief, the SRAM Defendants do business under the name RockShox®, a trademark registered to SRAM, LLC and sells products under that brand. On information and belief, SRAM, LLC maintains a website, www.sram.com/rockshox, through which it advertises and promotes infringing RockShox® branded products, including the RockShox® products accused of infringing the '172 and '009 patents herein, to customers in California and in this judicial district.

9. SRAM, LLC's website also identifies authorized retailers of RockShox® products, including the products accused of infringing the '172 and '009 patents herein, in California and in this judicial district. On information and belief, SRAM, LLC has entered into one or more contracts with distributors and dealers located and operating in California and in this judicial district for the promotion, offer for sale, sale, and distribution of SRAM's products, including the products accused of infringing the '172 and '009 patents herein, to customers/end users in California and in this judicial district. Additionally, on information and belief, RockShox® products, including the products accused of infringing the '172 and '009 patents herein, are offered for sale and sold through retailer website www.amazon.com to purchasers in California and in this judicial district.

10. On information and belief, SRAM's bicycle components, including the SRAM products accused of infringement in this Complaint, operate in the manner and possess the structure shown and advertised on SRAM, LLC's website and described in SRAM's product documentation,

1  including, *inter alia*, in SRAM's Product Service Manuals, User Specifications and Standards, and
2  Spare Parts Catalogs.
3      11.    On information and belief, SRAM's bicycle components, including the products
4  accused of infringement in this Complaint, are used on bicycles in California and in this judicial
5  district.
6      12.    On information and belief, Defendant Sandleford Limited Taiwan Branch (Ireland)
7  manufactures, sells, and ships numerous SRAM products, including the RockShox® products
8  accused of infringing the '172 and '009 patents herein. On information and belief, Defendant
9  Sandleford Limited Taiwan Branch (Ireland) has entered into contracts with Defendant SRAM, LLC
10 for the marketing and sale of products, including, for example, a Marketing Services Agreement. On
11 information and belief, Defendant Sandleford Limited Taiwan Branch (Ireland) sells and/or ships the
12 RockShox® products accused of infringing the '172 and '009 patents herein to customers in the
13 United States, and also to other customers (including original equipment manufacturers and/or their
14 agents) knowing that they import and/or resell those infringing products to customers in the United
15 States, in California, and in this judicial district. The company Giant Bicycles is an original
16 equipment manufacturer and one of the world's best-known bicycle brands. Although many Giant
17 bicycles are equipped and sold with FOX Factory's superior suspension forks (which come equipped
18 with axles), on information and belief, Giant purchases infringing suspension forks from Sandleford
19 Limited Taiwan Branch (Ireland), some of which are shipped to and sold in the United States and
20 throughout California, all with the knowledge of the SRAM Defendants. To name a single example,
21 Giant Reign 27.5 bicycles including infringing RockShox Pike RC suspension fork (which comes
22 equipped with a Maxle Ultimate bicycle axle) are being offered for sale in the United States, in
23 California, and in this district. This court has personal jurisdiction over Sandleford Limited Taiwan
24 Branch (Ireland) in this action.
25     **FACTS**
26     13.    For over thirty years, FOX Factory has been an industry leader in the design and
27 development of high-performance shock absorbers and racing suspension products for mountain
28 bikes, motorcycles, ATVs, UTVs, and off-road cars, trucks and SUVs.

14. FOX Factory's '172 patent issued on July 24, 2012, and is titled "METHODS AND APPARATUS FOR RELEASABLY SUPPORTING A VEHICLE WHEEL ASSEMBLY." FOX Factory is the owner by assignment of all right, title, and interest in and to the '172 patent and has the full and exclusive right to bring suit and enforce the '172 patent and to collect damages for infringement.

15. FOX Factory's '009 patent issued on March 10, 2015, and is titled "METHODS AND APPARATUS FOR RELEASABLY SUPPORTING A VEHICLE WHEEL ASSEMBLY." FOX Factory is the owner by assignment of all right, title, and interest in and to the '009 patent and has the full and exclusive right to bring suit and enforce the '009 patent and to collect damages for infringement.

16. SRAM, LLC has had actual knowledge of the '172 and '009 patents since as early as the filing of the original Complaint (Dkt. 1) on July 1, 2016. All of the Accused SRAM Fork Products infringe one of either the '172 or '009 patents, which SRAM, LLC continues to sell.

17. On information and belief, Sandleford Limited Taiwan Branch (Ireland) has also had knowledge of the '172 or '009 patents as the fully owned subsidiary of SRAM, LLC, based on SRAM, LLC's control over Sandleford Limited Taiwan Branch (Ireland) (Stanley R. Day is Sandleford Limited Taiwan Branch (Ireland)'s Division Head Executive and General Manager, and he is also the Chief Executive Officer of SRAM, LLC), the substantial and continuing relationship between the SRAM Defendants with respect to their infringement of the '172 or '009 patents and the making and selling of the Accused SRAM Fork products, and due to the privity the SRAM Defendants. For these and additional reasons, SRAM, LLC's knowledge of the '172 or '009 patents is imputed on its wholly-owned subsidiary Sandleford Limited Taiwan Branch (Ireland).

### A. The Accused SRAM Fork Products

18. On information and belief, SRAM is engaged in the business of designing, developing, manufacturing, offering for sale, and selling SRAM bicycle suspension forks: (1) that include SRAM's Maxle Ultimate bicycle axle, including the "Lyrik RC," "Lyrik RCT3," "MY17 Lyrik RC," "MY17 Lyrik RCT3," "Pike DJ," "Pike RC," "Pike RCT3," "MY17 Pike RC," "MY17 Pike RCT3," "Revelation RC," "RS-1," "RS-1 RL," "RS-1 RLC," "SID RL," "SID RLC," "SID World Cup,"

"SID XX," and "Yari RC" bicycle suspension forks; and (2) that include SRAM's Maxle Lite bicycle axle, including the "Argly R," "Bluto," "Domain Duel Crown RC," "Judy Gold RL," "Judy Silver TK," "Reba RL," "Reba RLT," "Recon RL," "Recon TK," "Revelation RCT3," "Revelation RL," "Revelation RLT," "Revelation World Cup," "Lyrik RC2 DH," "Sektor Silver," "SID RL," and "SID XX World Cup" (collectively, "Accused SRAM Fork Products"). On information and belief, SRAM also sells the Maxle Ultimate and the Maxle Lite bicycle axles alone and as replacement parts for the Accused SRAM Fork Products.

19. On information and belief, SRAM, LLC participates in and sets world-wide prices for the Accused SRAM Fork Products, and controls and participates in the manufacturing and production of those products by Sandleford Limited Taiwan Branch (Ireland), and there is a substantial and continuing relationship between the two SRAM entities with respect to their infringement of the '172 or '009 patents and the manufacturing and sales of the Accused SRAM Fork Products. For example, on information and belief, some employees of SRAM, LLC communicate and resolve conflicts and problems that arise during manufacturing by Sandleford Limited Taiwan Branch (Ireland) involving schedule, costing, and resources. On information and belief, some employees of SRAM, LLC also spend substantial portions of their time working at the facilities of Sandleford Limited Taiwan Branch (Ireland), including during production start-up and at other times in the project life cycle. On information and belief, some SRAM, LLC employees also contribute to the development of manufacturing processes and equipment used by Sandleford Limited Taiwan Branch (Ireland) for manufacturing products. On information and belief, SRAM, LLC's wholly owned subsidiaries, including Sandleford Limited Taiwan Branch (Ireland), act as its agents in the manufacture and/or sale of the Accused SRAM Fork Products. On information and belief, under SRAM, LLC's control, the SRAM Defendants act in a coordinated effort and in conjunction with one another to make and/or sell the Accused SRAM Fork Products. Indeed, on information and belief, all of SRAM, LLC's wholly owned subsidiaries, under SRAM, LLC's leadership, direction, and control, act in a coordinated effort and in conjunction with one another to make and/or sell SRAM's products.

**B.    The '172 Patent**

5

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:16-CV-03716-WHO

20. At least the following Accused SRAM Fork Products are bicycle suspension forks that include the Maxle Ultimate bicycle axle: the "Lyrik RC," "Lyrik RCT3," "MY17 Lyrik RC," "MY17 Lyrik RCT3," "Pike DJ," "Pike RC," "Pike RCT3," "MY17 Pike RC," "MY17 Pike RCT3," "Revelation RC," "RS-1," "RS-1 RL," "RS-1 RLC," "SID RL," "SID RLC," "SID World Cup," "SID XX," and "Yari RC" bicycle suspension forks. These Accused SRAM Fork Products infringe at least claims 1, 2, 4, 6, and 7 of the '172 patent.

21. The Accused SRAM Fork Products that include a Maxle Ultimate axle have an axle for removably retaining a wheel on a vehicle. Each axle has a first end, a second end, a rotary-type connector at said first end, and a cam assembly operatively connected to said second end. Said cam assembly includes a cam having an axis of rotation.

22. Each axle of the Accused SRAM Fork Products that include a Maxle Ultimate axle further includes a lever operatively connected to said second end of said axle. Said lever is rotatable about an axis substantially parallel said axis of rotation of said cam, between an open position in which said axle is removable from and mountable on said vehicle and a closed position in which said axle is retained on said vehicle. Said lever is configured such that when said lever is in said closed position, a substantial portion of said lever occupies a position within a recess of an adjacent vehicle component such that a portion less than a whole of said lever protrudes laterally from said vehicle.

23. Each axle of the Accused SRAM Fork Products that include a Maxle Ultimate axle further includes a lever stop ensuring that an angle of maximum rotation for said lever from said closed position is less than 180 degrees.

24. The lever of the Accused SRAM Fork Products that include a Maxle Ultimate axle is configured such that rotation of said lever about a longitudinal axis of said axle causes engagement or disengagement of said rotary-type connector with a component part of said vehicle, and wherein said angle of maximum rotation is such that said lever is rotatable about said longitudinal axis substantially unimpeded by an adjacent part of said vehicle.

25. The Accused SRAM Fork Products that include a Maxle Ultimate axle have a lever stop that is integral with said cam assembly.

26. The angle of maximum rotation of the Accused SRAM Fork Products that include a Maxle Ultimate axle is between a range of 120 degrees and 165 degrees.

27. The vehicle of the Accused SRAM Fork Products is a bicycle.

**C.    The '009 Patent**

28. Each of the Accused SRAM Fork Products is a bicycle suspension fork that includes either the Maxle Ultimate or the Maxle Lite bicycle axle. The Accused SRAM Fork Products infringe one or more of at least claims 1-3, 5, and 8-9 of the '009 patent. Additionally, the Accused SRAM Fork Products that include a Maxle Ultimate axle infringe claim 7 of the '009 patent.

29. The Accused SRAM Fork Products have an axle for removably retaining a wheel on a vehicle. The axle comprises a rotary-type connector at a first end thereof and a cam assembly operatively connected to the second end. Said cam assembly including a cam having an axis of rotation.

30. Each axle of the Accused SRAM Fork Products further includes a lever operatively connected to a second end of said axle. Said lever is rotatable about an axis substantially parallel said axis of rotation of said cam, between an open position in which said axle is removable from and mountable on said vehicle and a closed position in which said axle is retained on said vehicle. Said lever has a closed position in which a substantial portion of said lever occupies a position relative to an adjacent vehicle component such that a portion less than a whole of said lever protrudes laterally from said vehicle.

31. Each axle of the Accused SRAM Fork Products further includes a lever stop ensuring that an angle of maximum rotation for said lever is limited to ensure that said lever, in said open position, does not substantially interfere with said adjacent vehicle component when said axle is rotated.

32. The adjacent vehicle component of the Accused SRAM Fork Products is a fork. The fork is a suspension cylinder.

33. The lever stop of the Accused SRAM Fork Products is integral with said cam assembly.

34. The angle of maximum rotation of the Accused SRAM Fork Products that include a Maxle Ultimate axle is between a range of 120 degrees and 165 degrees.

35. The vehicle of the Accused SRAM Fork Products is a bicycle.

36. The axle of the Accused SRAM Fork Products is configured to be operable with a component of a vehicle, wherein said adjacent vehicle component is selected from a group of adjacent vehicle components of a vehicle consisting of: a fork assembly, a frame, and a wheel.

## COUNT I

## Infringement of U.S. Patent No. 8,226,172

37. FOX Factory incorporates by reference each and every allegation set forth in the foregoing paragraphs 1 through 36 of this Complaint as if fully set forth and restated herein.

38. On information and belief, the SRAM Defendants, without the authority or consent of FOX Factory, have individually and together been and continue to offer to sell and sell in the United States and import into the United States Accused SRAM Fork Products that include a Maxle Ultimate axle (i.e., at least the "Lyrik RC," "Lyrik RCT3," "MY17 Lyrik RC," "MY17 Lyrik RCT3," "Pike DJ," "Pike RC," "Pike RCT3," "MY17 Pike RC," "MY17 Pike RCT3," "Revelation RC," "RS-1," "RS-1 RL," "RS-1 RLC," "SID RL," "SID RLC," "SID World Cup," "SID XX," and "Yari RC" bicycle suspension forks), which infringe claims 1, 2, 4, 6, and 7 of the '172 patent. Thus, the SRAM Defendants have directly infringed and continue to directly infringe the '172 patent.

39. At least as early as July 1, 2016, when the original Complaint for patent infringement in this action was filed and sent to SRAM, LLC's counsel, SRAM has had knowledge of the '172 patent, and, on information and belief, due at least to its relationship and privity with SRAM, LLC, Sandleford Limited Taiwan Branch (Ireland) has also had knowledge of the '172 patent since the same date.

40. On information and belief, SRAM, LLC has intentionally taken action that has actually induced and continues to induce infringement of the '172 patent by Sandleford Limited Taiwan Branch (Ireland) by participating in the manufacturing of products, and encouraging and directing Sandleford Limited Taiwan Branch (Ireland) to make and sell the Accused SRAM Fork Products, which SRAM, LLC knows infringe, or has been willfully blind to their infringement. Additionally, on information and belief, SRAM, LLC and Sandleford Limited Taiwan Branch

(Ireland), individually and together, have intentionally taken action that has actually induced and continues to induce direct infringement by manufacturers, distributors, dealers, and customers (including OEMs), and have known that the acts have been and are causing infringement of the '172 patent. These acts include, for example, providing Accused SRAM Fork Products to bicycle customers and OEMs overseas, such as Giant, knowing that Giant and other bicycles that include the infringing products will be imported into and sold in the United States. These acts also include, but are not limited to, (1) SRAM posting product documentation on its website and including it with its products, including, *inter alia*, SRAM's Product Service Manuals, User Specifications and Standards, and Spare Parts Catalogs, (2) on information and belief, SRAM distributing OEM documents and manuals, and entering into agreements with OEMs, and (3) SRAM contracting and entering into agreements with customers, distributors and dealers for the promotion, offers to sell, and sales of the Accused SRAM Fork Products that include the Maxle Ultimate, and the Maxle Ultimate separately.

41. On information and belief, SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland), individually and together, have contributed to and continue to contribute to direct infringement of the '172 patent by supplying an important (material) component of the infringing products (as well as instructions for the same) to customers, the Maxle Ultimate, which is not a component suitable for substantial non-infringing use. On information and belief, SRAM, LLC, and Sandleford Limited Taiwan Branch (Ireland) have supplied and continues to supply the Maxle Ultimate with knowledge of the '172 patent and knowledge that the Maxle Ultimate was especially made or adapted for use in an infringing manner, and that distributors, dealers, and customers directly infringe the '172 patent in the United States when using the Maxle Ultimate with Accused SRAM Fork Products in accordance with SRAM's design and instructions.

42. On information and belief, SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) have infringed the '172 patent in an egregious and willful manner and with knowledge of the '434 patent, or were willfully blind to that patent.

43. SRAM's infringement of the '172 patent has caused and continues to cause damages and irreparable harm to FOX Factory.

## COUNT II

### Infringement of U.S. Patent No. 8,974,009

44. FOX Factory incorporates by reference each and every allegation set forth in the foregoing paragraphs 1 through 43 of this Complaint as if fully set forth and restated herein.

45. On information and belief, the SRAM Defendants, without the authority or consent of FOX Factory, have been and continue to offer to sell and sell in the United States and import into the United States Accused SRAM Fork Products which include either a Maxle Ultimate or Maxle Light and infringe one or more of at least claims 1-3, 5, and 8-9 of the '009 patent. Additionally, the Accused SRAM Fork Products that include a Maxle Ultimate axle infringe claim 7 of the '009 patent. Thus, SRAM has directly infringed and continues to directly infringe the '009 patent.

46. At least as early as July 1, 2016, when the original Complaint for patent infringement in this action was filed and sent to SRAM, LLC's counsel, SRAM has had knowledge of the '009 patent, and, on information and belief, due at least to its relationship and privity with SRAM, LLC, Sandleford Limited Taiwan Branch (Ireland) has also had knowledge of the '009 patent since the same date.

47. On information and belief, SRAM, LLC has intentionally taken action that has actually induced and continues to induce infringement of the '009 patent by Sandleford Limited Taiwan Branch (Ireland) by participating in the manufacturing of products, and encouraging and directing Sandleford Limited Taiwan Branch (Ireland) to make and sell the Accused SRAM Fork Products, which SRAM, LLC knows infringe, or has been willfully blind to its infringement. Additionally, on information and belief, SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland), individually and together, have intentionally taken action that has actually induced and continues to induce direct infringement by manufacturers, distributors, dealers, and customers (including OEMs), and have known that the acts have been and are causing infringement of the '009 patent. These acts include, for example, providing Accused SRAM Fork Products to bicycle customers and OEMs overseas, such as Giant, knowing that Giant and other bicycles that include the infringing products will be imported into and sold in the United States. These acts also include, but are not limited to, (1) SRAM posting product documentation on its website and including it with its

products, including, *inter alia*, SRAM's Product Service Manuals, User Specifications and Standards, and Spare Parts Catalogs, (2) on information and belief, SRAM distributing OEM documents and manuals, and entering into agreements with OEMs, and (3) SRAM contracting and entering into agreements with customers, distributors and dealers for the promotion, offers to sell, and sales of the Accused SRAM Fork Products that include the Maxle Ultimate, and the Maxle Ultimate separately.

48.  On information and belief, SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland), individually and together, have contributed to and continue to contribute to direct infringement of the '009 patent by supplying an important (material) component of the infringing products (as well as instructions for the same) to customers, the Maxle Ultimate, which is not a component suitable for substantial non-infringing use.  On information and belief, SRAM, LLC, and Sandleford Limited Taiwan Branch (Ireland) have supplied and continue to supply the Maxle Ultimate with knowledge of the '009 patent and knowledge that the Maxle Ultimate was especially made or adapted for use in an infringing manner, and that distributors, dealers, and customers directly infringe the '009 patent in the United States when using the Maxle Ultimate with Accused SRAM Fork Products in accordance with SRAM's design and instructions.

49.  On information and belief, SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) have infringed the '009 patent in an egregious and willful manner and with knowledge of the '434 patent, or were willfully blind to that patent.

50.  SRAM's infringement of the '009 patent has caused and continues to cause damages and irreparable harm to FOX Factory.

## PRAYER

WHEREFORE, FOX Factory respectfully prays that the Court enter judgment in its favor and award the following relief against SRAM:

A.  Enter a judgment in favor of FOX Factory that SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) have infringed, individually and together, and through wholly owned subsidiaries, directly, contributorily, and by inducement claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent;

B.     Preliminary and permanently enjoin SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) and their and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the '172 patent and the '009 patent;

C.     Order that SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) deliver up for destruction all infringing products in its possession;

D.     Award FOX Factory actual damages adequate to compensate for infringement by SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of infringement of the '172 patent and the '009 patent by those entities;

E.     Award FOX Factory pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

F.     Find this to be an exceptional case and award FOX Factory its costs and attorney's fees under 35 U.S.C. § 285;

G.     Find that infringement by SRAM, LLC and Sandleford Limited Taiwan Branch (Ireland) has been and continues to be egregious and willful misconduct, and award FOX Factory enhanced damages for willful patent infringement under 35 U.S.C. § 284; and

H.     Award and grant FOX Factory such other and further relief as the Court deems just and proper under the circumstances.

### Demand For Trial By Jury

FOX Factory demands a jury trial on all matters triable to a jury.

Dated: July 21, 2017

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By: */s/ Christopher B. McKinley*
    Christopher B. McKinley
    Attorney for Plaintiff
    FOX Factory, Inc.